

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00238-CR

---

JASON SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-1386, Honorable Douglas Freitag, Presiding

---

July 9, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Following Appellant's plea of not guilty to continuous sexual abuse of a child under the age of fourteen, a jury found Appellant guilty.[1] The trial court sentenced Appellant to fifty years' confinement with ten days' credit for time served. Appellant filed a motion for new trial, which was denied, followed by a notice of appeal. Pending before this Court is

---

[1] TEX. PENAL CODE § 21.02.

a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[2] We grant counsel's motion to withdraw and affirm the judgment of the trial court.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, the record reflects no reversible error on which an appeal can be predicated. *Id*. at 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel candidly discusses why, under the controlling authorities, the record presents no reversible error and no arguable grounds for relief. Counsel has demonstrated she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing copies of the brief and the appellate record to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408; *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief).

By letter on May 1, 2026, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's motion and a pro se brief by June 1, 2026, should he be so inclined. To date, Appellant has done neither nor otherwise contacted the Court. The State has not favored us with a brief.

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

## ANALYSIS

By her *Anders* brief, counsel evaluated the sufficiency of the indictment, all phases of the proceedings, all adverse rulings, the sufficiency of the evidence, and Appellant's sentence. She candidly conceded no errors occurred during trial which would require reversal of Appellant's conviction. Thus, she concluded there are no non-frivolous issues to present on appeal, and the appeal is without merit and frivolous.

We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). So, after thoroughly reviewing the record and counsel's brief, we (1) agree that there is no plausible basis for reversal of Appellant's convictions, (2) affirm the trial court's judgment, and (3) grant counsel's motion to withdraw.[3]

## CONCLUSION

The trial court's judgment is affirmed, and counsel's motion to withdraw is granted.

Laura A. W. Pratt
Justice

Do not publish.

---

[3] Within five days after the date of this opinion, appellate counsel shall (1) send Appellant a copy of the opinion and judgment and (2) inform Appellant of his right to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 48.4. This duty is informational and ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.